**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                :
ROBERTO PAGAN,                  :
                                :
            Plaintiff,          :     Civil No. 08-3605 (RMB)
                                :
      v.                        :
                                :     O P I N I O N
LT. WRIGHT, et al.,             :
                                :
            Defendants.         :
_____:

**APPEARANCES:**
  Roberto Pagan, Pro Se
  F.C.I. Fort Dix
  #59646-054
  P.O. Box 2000
  Fort Dix, New Jersey  08640

**BUMB**, **District Judge**

Plaintiff, Roberto Pagan, currently confined at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey, brings this action alleging that prison administrators have violated his rights by refusing him a transfer to another part of the prison. He asks to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

Having reviewed the complaint to identify cognizable claims as required under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court concludes that Plaintiff's claim should be dismissed, without prejudice, for failure to state a claim upon which relief may be

granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## BACKGROUND

The following factual allegations are taken from the complaint and attachments thereto.

Plaintiff states:

> I admitted myself to protective custody in May 2008 because a black individual who I know from the State of New York came to the eastside facility where I was at. I was told on the compound to watch my back. I check in since this time, Lt. Wright forces me with incident reports to go back. I have been taken to the hearing officer twice. I've received sanctions twice. My rights have been violated.

(Complaint, "Statement of Claims," ¶ 6). Plaintiff names as defendants Lt. Wright; Mr. Simms, Case Manager; R. Centero, Counselor; J. McKinnon, Unit Manager; and Federal Bureau of Prisons. His request for relief is simply, "transfer." (Complt., ¶ 7).

Plaintiff attaches to his complaint a letter from a fellow inmate, John Futch. Mr. Futch writes that he is "concerned as a fellow inmate about Mr. Pagan's safety at FCI Fort Dix. This Court needs to intervene immediately to prevent an imminent harm." Plaintiff also attaches an incident report, wherein the reporting officer stated:

> On Wednesday, July 9, 2008, inmate Pagan . . . was advise[d] that he was being released from SHU back to the compound. At which time he refuse[d] to depart the SHU; stating that he had concern for his safety and that he would only release from SHU if he could remain

>  in the West Compound.  Another [order] was given for him to depart SHU and he refused[.]

Plaintiff also notes in his complaint that he has not sought administrative remedies.  He states: "There's an imminent threat no exhaustion of administrative remedies (can't read write English)."  (Complt., ¶ 5).

## DISCUSSION

**A.   Jurisdiction**

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L.M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884).  "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied

3

damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, see Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14 (1980).  To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights.  See Malesko, 534 U.S. at 66.

**B.  Standard of Review**

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader

is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, ---U.S. ----, ----, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to puss muster under the Rule 8 pleading standard.  <u>See</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

<u>Phillips</u>, 515 F.3d at 234 (internal citations omitted).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. <u>See</u> <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004); <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1));

Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### C.     Plaintiff's Claims Will Be Dismissed.

Plaintiff asserts a failure to protect claim.  Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate food, clothing, shelter, medical care, and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994); Young v. Quinlan, 960 F.2d 351, 364 (3d Cir. 1992).  Accordingly, prison officials must take reasonable measures "to protect prisoners from violence at the hands of other prisoners."  Farmer, 511 U.S. at 833 (1994) (internal quotations omitted).  "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'"  Id.  at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

In the context of a failure to protect claim, the inmate must show that he is "incarcerated under conditions posing a substantial risk of harm,"  and that prison officials knew of and disregarded the excessive risk to inmate safety.  See Farmer, 511 U.S. at 833, 837.  "A pervasive risk of harm may not ordinarily be shown by pointing to a single incident or isolated incidents, but it may be established by much less than proof of a reign of violence and terror."  Riley v. Jeffes, 777 F.2d 143, 147 (3d Cir. 1985).  In short, liability may be imposed on prison

officials for an inmate on inmate assault "if there was intentional conduct, deliberate or reckless indifference to the prisoner's safety, or callous disregard on the part of prison officials." Davidson v. O'Lone, 752 F.2d 817, 828 (3d Cir. 1984)(citations omitted).

In Mullen v. Weber, 730 F. Supp. 640 (M.D. Pa. 1990), the prison inmate filed a Bivens claim when he was denied a transfer within the institution after an assault by two inmates whom he had witnessed stealing. The prisoner had requested a transfer to a certain block of the prison. See id. at 642. Defendant had offered him an immediate transfer to a different block, or suggested that plaintiff seek protective custody status, but the prisoner refused. See id. The district court noted, "when a prisoner requests a transfer because he fears for his life, prison officials are required to determine the credibility of his fear." However, the district court held that "a constitutional violation did not occur and, thus, it will not interfere with the prison officials' determination not to transfer plaintiff." The court continued:

> Even assuming that all plaintiff's assertions are true, the decision of the prison officials not to transfer plaintiff was a legitimate and reasoned one under the circumstances. It is undisputed that plaintiff merely requested a transfer claiming that he feared for his life, and that he neither disclosed the identity of the alleged perpetrators nor indicated that either threatened him. Therefore, the naked exclamation of fear by plaintiff, without providing more information, may rationally lead the prison officials to

7

>legitimately deduce that plaintiff was attempting to
>manipulate a transfer.  Consequently, the court finds
>that defendants did not act with "intentional conduct,"
>"deliberate or reckless indifference" or "callous
>disregard."

Mullen, 730 F. Supp. at 645.

Likewise, in the case before this Court, plaintiff has not set forth any facts indicating that he ever asked prison officials for a transfer, that he was ever refused a transfer, that he ever told prison officials about the specific threat to his safety from the New York inmate, or that prison officials acted with intentional conduct, deliberate indifferent, or callous disregard, in violation of the Eighth Amendment. Further, plaintiff admittedly has not attempted administrative remedies.[1]

---

[1] The PLRA provides:

>No action shall be brought with respect to prison
>conditions under section 1983 of this title, or any
>other Federal law, by a prisoner confined in any jail,
>prison, or other correctional facility until such
>administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002) (citation omitted).  Although exhaustion is an affirmative defense which must be plead by the defendant, a district court has inherent power to dismiss a complaint which facially violates this bar to suit.  See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002)(stating "[a]s a general proposition, sua sponte dismissal is inappropriate unless the basis is apparent from the face of the complaint"); Nyhuis v. Reno, 204 F.3d 65 (3d Cir. 2000).  In the instant case, plaintiff affirmatively states that he has not sought administrative

**CONCLUSION**

Based on the foregoing, plaintiff's complaint will be dismissed, without prejudice.  See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit plaintiff to amend the complaint to make it plain). The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action."  Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)).  In this case, if plaintiff can correct the deficiencies of his complaint, he may file a motion to reopen these claims in accordance with the attached Order.

        s/Renée Marie Bumb
        **RENÉE MARIE BUMB**
        United States District Judge

Dated: October 15, 2008

---

remedies.  Therefore, his complaint is subject to dismissal for failure to exhaust administrative remedies.